55 So.3d 348 (2007)
Ex parte Eugene Milton CLEMONS II.
(In re Eugene Milton Clemons II v. State of Alabama).
1041915.
Supreme Court of Alabama.
May 4, 2007.
*349 Anne W. Stukes and Ryan S. Spiegal of Winston & Strawn, LLP, Washington, D.C.; Daniel G. Grove of Jackson Kelly, PLLC, Lexington, Kentucky; and Anne R. Yuengert of Bradley Arant Rose & White, LLP, Birmingham, for petitioner.
Troy King, atty. gen., and J. Clayton Crenshaw and Henry M. Johnson, asst. attys. gen., for respondent.
LYONS, Justice.
Eugene Milton Clemons II petitioned this Court for a writ of certiorari to review the judgment of the Court of Criminal Appeals affirming the trial court's denial of his Rule 32, Ala. R.Crim. P., proceeding, and we issued the writ as to three issues. We now quash the writ in part and reverse and remand.

I. Facts and Procedural Background
Clemons was convicted in September 1994 of capital murder in the death of Robert Althouse, an officer with the Drug Enforcement Administration, a federal agency, during the course of a robbery. Clemons had already been convicted of the same offense in federal court and sentenced to life imprisonment without the possibility of parole. In the sentencing phase of Clemons's trial in state court, the jury unanimously recommended that he be sentenced to death. The trial court followed the jury's recommendation and sentenced Clemons to death. The Alabama Court of Criminal Appeals and this Court affirmed Clemons's conviction and sentence on direct appeal. See Clemons v. State, 720 So.2d 961 (Ala.Crim.App.1996), aff'd, 720 So.2d 985 (Ala.1998). The United States Supreme Court denied certiorari review, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 906 (1999).
Clemons then filed a timely Rule 32, Ala. R.Crim. P., petition. After the trial court held a hearing on the petition, it summarily dismissed some of Clemons's claims, pursuant to Rule 32.7(d) and Bishop v. *350 State, 608 So.2d 345 (Ala.1992). The trial court then denied the remaining claims. Clemons appealed the denial of his Rule 32 petition to the Court of Criminal Appeals. While Clemons's appeal was pending, the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), holding unconstitutional the execution of mentally retarded defendants. After the opinion in Atkins was issued, the Court of Criminal Appeals remanded Clemons's case for the trial court to determine whether Clemons is mentally retarded. See Clemons v. State, [Ms. CR-01-1355, August 29, 2003] 55 So.3d 314 (Ala.Crim.App.2003). After an extensive evidentiary hearing, the trial court on remand determined that Clemons falls "in the borderline range of intellectual functioning [but] . . . is not mentally retarded."
On return to remand, the Court of Criminal Appeals upheld the trial court's finding that Clemons is not mentally retarded and unanimously affirmed the trial court's judgment denying Clemons's Rule 32 petition. See Clemons v. State, [Ms. CR-01-1355, June 24, 2005] ___ So.3d ___, ___ (Ala.Crim.App.2003) (opinion on return to remand). Although the State did not assert as a defense the preclusion of Clemons's claims of ineffective assistance of trial counsel, the Court of Criminal Appeals determined, sua sponte, that "any claims related to the performance of trial counsel are procedurally barred in this postconviction proceeding." 55 So.3d at 333. Clemons then filed his petition for a writ of certiorari.

II. Standard of Review
The plain-error standard of review applicable in a death-penalty case does not apply in a Rule 32 proceeding in such a case, and all the procedural bars of Rule 32 apply. Ex parte Dobyne, 805 So.2d 763, 766-67 (Ala.2001); Siebert v. State, 778 So.2d 842, 847 (Ala.Crim.App. 1999). We apply the standards set out in Rule 39(c), Ala. R.App. P. See Dobyne, 805 So.2d at 767. However, "when the facts are undisputed and an appellate court is presented with pure questions of law, the court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).

III. Analysis
This Court issued the writ of certiorari to review the following issues:
A. Whether the trial court erred in failing to consider Clemons's borderline intellectual capacity as a mitigating factor in the sentencing phase of his trial;
B. Whether the Court of Criminal Appeals erred in sua sponte applying a procedural bar to preclude Clemons's ineffective-assistance-of-trial-counsel claims; and
C. Whether Clemons's appellate counsel rendered ineffective assistance.

A. Borderline Retardation as Mitigating Evidence
We note that Clemons did not present in his Rule 32 petition the issue whether his sentence of death should be reversed on the basis that the trial court failed to consider his borderline intellectual capacity as a mitigating factor, independent of a claim of ineffective assistance of trial counsel. However, in his brief to the Court of Criminal Appeals on his appeal from the denial of his Rule 32 petition, he argued that, under Atkins, supra, "Dr. [Charles] Golden[, a clinical neuropsychologist whose testimony the trial court excluded,] could have provided evidence that would have established `a reasonable probability that the jury would have found that [Clemons] suffered from mild or borderline mental retardation or that a non-statutory mitigating circumstances existed.'" Further, *351 in his petition and briefs to this Court, Clemons argues that, under cases decided subsequent to Atkins, supra, such as Tennard v. Dretke, 542 U.S. 274, 287, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004), and Smith v. Texas, 543 U.S. 37, 125 S.Ct. 400, 160 L.Ed.2d 303 (2004), evidence of borderline mental retardation[1] is "inherently mitigating." See Tennard, 542 U.S. at 287, 124 S.Ct. 2562. See also Wiggins v. Smith, 539 U.S. 510, 535, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (noting that where the defendant had an IQ of 79, "his diminished mental capacities . . . augment his mitigation case").
We cannot, however, consider the issue whether the trial court erred in failing to consider Clemons's borderline intellectual capacity as a mitigating factor in the sentencing phase of his trial because the issue was not presented to the trial court in Clemons's Rule 32 petition. See Ex parte Linnell, 484 So.2d 455, 457 (Ala. 1986) ("[T]he rule against raising an issue for the first time at the appellate level applies even if the issue raised would present constitutional questions."). As to the claims based on Tennard and Smith, Clemons could not have raised such claims under Tennard before the trial court or the Court of Criminal Appeals, because that line of cases had not yet been decided when Clemons's case was pending in those courts. We are not at liberty to consider claims in a Rule 32 petition that are raised for the first time on appeal. Ex parte Linnell, supra.
Whether Clemons may raise any of these issues in a successive Rule 32 petition is not before us. See Rule 32.2(b)(2) ("A successive petition on different grounds shall be denied unless. . . . the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."). We therefore quash the writ as improvidently granted as to this issue.

B. Sua Sponte Application of Rule 32.2(a)
We now turn to Clemons's second issue  whether the Court of Criminal Appeals erred in sua sponte applying a Rule 32.2(a) procedural bar to preclude Clemons's ineffective-assistance-of-trial-counsel claims. This issue presents us with a question of first impression. Despite the State's failure to assert any procedural bars to Clemons's Rule 32 petition in the trial court or on appeal, the Court of Criminal Appeals, in its opinion on return to remand, held:
"Because the appellant was represented by different counsel at trial and on appeal and because the [Ex parte] Jackson [, 598 So.2d 895 (Ala.1992),] procedure was in effect at the time of the appellant's conviction, any ineffective-assistance-of-trial-counsel claims should have been raised in a motion for a new trial and on direct appeal. In fact, he did raise ineffective-assistance-of-trial-counsel claims in his motion for a new trial and on direct appeal. Therefore, the appellant's ineffective-assistance-of-trial-counsel claims are precluded pursuant to the provisions of Rule 32.2(a), Ala. R.Crim. P."
55 So.3d at 333.
In its brief before this Court, the State conceded that it "waived that non-jurisdictional *352 procedural bar."[2] In fact, the State agreed with Clemons's contention that the Court of Criminal Appeals erred in sua sponte applying the non-jurisdictional procedural bars of Rule 32.2(a), and it initially asked this Court to "remand Clemons's case to the Alabama Court of Criminal Appeals with instructions to consider the merits of each of his ineffective assistance of trial counsel claims." However, in oral argument before this Court, the State reversed course, without prior notice to this Court or to Clemons, and argued that the procedural bars of Rule 32.2(a) are jurisdictional and cannot be waived. Accordingly, the State contended, the Court of Criminal Appeals correctly applied those bars sua sponte to Clemons's ineffective-assistance-of-trial-counsel claims, despite the State's failure to assert the procedural bars in the trial court.
The State attempted to justify its change in position on the ground that, at the time it waived the procedural bars of Rule 32.2(a), the Court of Criminal Appeals had not yet decided Davis v. State, 9 So.3d 514 (Ala.Crim.App.2006), which, the State contends, supports the State's most recent position. In Davis, the State similarly failed to assert any procedural bar to claims asserted in Davis's Rule 32 petition, and the Court of Criminal Appeals applied the procedural bars of Rule 32.2(a) sua sponte to those claims. In his application for rehearing to the Court of Criminal Appeals, Davis contended that the sua sponte application of the procedural bars deprived him of notice of, and an opportunity to disprove, any of the Rule 32.2(a) procedural bars, as required by this Court's decision in Ex parte Rice, 565 So.2d 606 (Ala.1990). On rehearing, the Court of Criminal Appeals held that the procedural bars of Rule 32.2(a) were mandatory and that any error in its sua sponte application of a Rule 32.2 procedural bar to preclude claims in Davis's petition was harmless under Young v. State, 600 So.2d 1073 (Ala.Crim.App.1992). The State now claims that it could not have waived any procedural bars to Clemons's ineffective-assistance-of-trial-counsel claims because, under this rationale, those bars are jurisdictional.
We begin by noting that the Court of Criminal Appeals in Davis never characterized the Rule 32.2(a) procedural bars as jurisdictional. Instead, it described them as "mandatory" but treated them as jurisdictional, holding that they may be applied sua sponte. In support of this conclusion, the Court of Criminal Appeals quoted State v. Osborne, 329 Mont. 95, 98, 124 P.3d 1085, 1087 (2005), which in turn quoted Peña v. State, 323 Mont. 347, 361, 100 P.3d 154, 163 (2004), and noted that "`"the statutory rules which circumscribe the postconviction process are jurisdictional in nature."'" Davis, 9 So.3d at 533 (emphasis added). After noting its ability to "sua sponte apply the limitations provision contained in Rule 32.2(c) . . . because it is a mandatory provision," the Court of Criminal Appeals then concluded that the Rule 32.2(a) procedural bars are likewise mandatory. Although the Court of Criminal Appeals characterized the procedural bars of Rule 32.2(a) as mandatory, its holding in Davis eliminates any meaningful distinction between a mandatory rule of preclusion and one that is jurisdictional.
*353 The State's most recent position in this case confirms that the Court of Criminal Appeals ascribed to the Rule 32.2(a) preclusive bars a jurisdictional field of operation while characterizing them as "mandatory"; the State now argues that, under Davis, the Rule 32.2(a) procedural bars are jurisdictional and could not have been waived by the State. We disagree.
Rule 32.3 states:
"The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence."
(Emphasis added.) Rule 32.3 expressly imposes upon the State the burden of pleading an affirmative defense. Rule 32.7(d), "Summary Disposition," authorizes sua sponte action by "the court." Rule 1, Ala. R.Crim. P., provides: "These rules shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court rule." However, the context of the reference to "the court" in Rule 32.7(d) clearly limits the applicability of the rule to proceedings in the trial court. See, e.g., the last sentence of Rule 32.7(d), providing that "[o]therwise [under circumstances where the petition is not summarily dismissed], the court shall direct that the proceedings continue and set a date for hearing." (Emphasis added.) Whether the trial court's authority continues after service of an answer omitting a defense is a question not before us.
The question before us in this proceeding is whether the State may waive the affirmative defense of the procedural bars of Rule 32.2(a) and thereby enable the trial court to entertain the proceeding on its merits. Rule 32.2(a), Ala. R.Crim. P., provides:
"(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
"(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by posttrial motion under Rule 24; or
"(2) Which was raised or addressed at trial; or
"(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
"(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or
"(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."
(Emphasis added.) Although the rule is written in the passive voice, if it were converted to the active voice it would read: "A court will not give relief to a petitioner." If we apply Rule 32.2 strictly according to its terms, no court could grant relief in a setting where preclusion is available as a defense.
The Montana court in State v. Osborne, 329 Mont. at 98, 124 P.3d at 1087, the case the Court of Criminal Appeals relied on in Davis, treated a similar requirement of Montana law as a limitation on the jurisdiction of the court. However, the Montana court was interpreting an act of the Montana Legislature that provided for postconviction relief, not a rule of procedure. See 329 Mont. at 100, 124 P.3d at *354 1088 ("Thus the legislature intended the statutory language as a limit on the courts' authority to hear and decide, in the context of postconviction proceedings, issues that were, or could have been, raised on direct appeal. Because there is no other source of law granting courts jurisdiction over such issues, § 46-21-105(2), MCA, effectively prohibits the courts from exercising jurisdiction over grounds for relief that could reasonably have been raised on appeal." (emphasis added)). Here, we are interpreting a rule of procedure promulgated by this Court pursuant to authority conferred by Ala. Const.1901, Art. VI, § 150 (Official Recomp.) (Amendment No. 328, § 6.11). Section 150 provides:
"The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts.. . ."
(Emphasis added.)
If we were to read Rule 32.2(a) as a limitation upon the jurisdiction of the circuit court to grant relief in instances where preclusion is available as a defense, thereby enabling an appellate court to invoke the defense sua sponte, we will have construed a rule of procedure in a manner contrary to the authority conferred upon this Court by the Alabama Constitution. This we simply cannot do. The fact that adherence to the constitutional limitation upon our rule-making power will result in practical difficulties cannot justify our disregarding that limitation.[3] Of course, the State can avoid most of the issues created by an appellate court's sua sponte application of a Rule 32 procedural bar by exercising due diligence and care when answering a postconviction petition. If that burden proves to be too great, then the legislature is the appropriate forum in which relief should be sought.
However, our holding that the procedural bars in Rule 32.2(a) are not jurisdictional does not lead to the conclusion that an appellate court can never assert them sua sponte. Federal courts of appeals have, sua sponte, overcome waiver of the defense of preclusion in postconviction proceedings under extraordinary circumstances. In United States v. Guess, 203 F.3d 1143, 1145-46 (9th Cir.2000), for example, the United States Court of Appeals for the Ninth Circuit stated:
"However, the government failed initially to argue the default issue. It first raised Appellant's potential default in its response brief to this court. In United States v. Barron, 172 F.3d 1153 (9th Cir.1999) (en banc), we declared, `[This court] . . . will usually not allow the government to raise a petitioner's default for the first time on appeal, when it did not take the opportunity to do so before the district court.' 172 F.3d at 1156. When the government raises a petitioner's default for the first time on appeal, this court usually finds that the government has `waived' its default defense. Id. Barron thus requires that the government show `extraordinary circumstances' which suggest that `justice would be served by overlooking the government's omission [at the district court]' in order for the government to avoid waiver. Id."
(Emphasis added.)
In Rosario v. United States, 164 F.3d 729, 732-33 (2d Cir.1998), the United *355 States Court of Appeals for the Second Circuit dealt with this issue in considerable detail:
"We may, nevertheless, raise these issues [not asserted below by the government] sua sponte. See, e.g., United States v. Talk, 158 F.3d 1064, 1067 (10th Cir.1998); see also Washington v. James, 996 F.2d 1442, 1448 (2d Cir.1993) (raising defendant's procedural default sua sponte on state prisoner's § 2254 petition). We believe that consideration of these issues is appropriate here for three reasons.
"First, it is necessary to protect the finality of federal criminal judgments. See United States v. Allen, 16 F.3d 377, 379 n. 2 (10th Cir.1994) (`the important interests served by the principle of finality [of criminal judgments] cannot always be foreclosed by waiver'); see also United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Raising the issue of defendants' procedural default is particularly appropriate where, as here, the movants pled guilty. We recognize that `the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.' United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); see Bousley [v. United States, 523 U.S. 614, 621], 118 S.Ct. [1604] at 1610 [(1998)]. `The impact of inroads on finality is greatest in the context of guilty pleas because the vast majority of criminal convictions result from such pleas and because the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.' Lucas v. United States, 963 F.2d 8, 14 (2d Cir. 1992) (internal quotation omitted).
"In addition, the unique circumstances of this case compel the conclusion that the government was not blameworthy in failing to raise this issue. Because dictum in Triestman v. United States, 124 F.3d 361, 369 n. 8 (2d Cir.1997), indicated that a § 2255 movant's Bailey [v. United States, 516 U.S. 137 (1995),] claim could easily hurdle a procedural bar challenge, the government may well have concluded that it would be subject to criticism for raising a frivolous argument. It was only in May 1998  one month after the government submitted its brief in this appeal  that the Supreme Court suggested in Bousley that the Triestman dictum might be incorrect. See De Jesus v. United States, 161 F.3d 99, 102-03 (2d Cir.1998).
"Finally, the procedural default is manifest from the record and, hence, resolution of this defense does not require further fact-finding. Thus, additional scarce judicial resources need not be expended by remanding this case to the district court. See Washington, 996 F.2d at 1449.
"Granted, appellate courts should not lightly raise the issue of a defendant's procedural default sua sponte. We are aware that prisoners seeking habeas corpus relief lack the resources available to the government. We should hesitate to lend the weight of the judiciary to this already uneven fight, lest we be cast in the role of a second line of defense, protecting government prosecutors from their errors. We are satisfied, however, that this appeal warrants the exercise of our inherent power to raise the previously unaddressed issue. We now turn to it."
164 F.3d at 732-33.
We agree that an appellate court "should not lightly raise the issue of a defendant's procedural default sua sponte." Rosario v. United States, 164 *356 F.3d at 733. Suffice it to say that the State has not shown extraordinary circumstances that suggest that justice would be served by overlooking its failure to assert in the trial court the affirmative defense of preclusion. We are not here dealing with a proceeding in which the defendant pleaded guilty, which militates against concerns with the finality of criminal judgments that would be otherwise implicated in a collateral proceeding. The State's "blameworthiness" is not in serious question here, as it is clear that the State intentionally waived the defense. Because of the foregoing circumstances we need not reach the question of the ease with which the issue could be resolved at the appellate level without the necessity for further fact-finding.
In summary, the preclusive provisions of Rule 32.2(a) cannot be read as jurisdictional. Because those procedural bars are nonjurisdictional, they may, as they were here, be waived. Only in extraordinary circumstances may such waiver be overcome by an appellate court acting sua sponte. Those circumstances do not exist here. We therefore reverse the judgment of the Court of Criminal Appeals and remand this case for consideration of Clemons's claim of ineffective assistance of trial counsel.

C. Ineffective Assistance of Post-Trial/Appellate Counsel
We note that Clemons also raises claims of ineffective assistance of post-trial/appellate counsel, but because any relief on those claims could be rendered moot by a finding by the Court of Criminal Appeals on remand of ineffective assistance of trial counsel, we defer consideration of the claims of ineffective assistance of post-trial/appellate counsel until such time as may be necessary. We therefore quash the writ as improvidently granted as to the issue of ineffective assistance of post-trial/appellate counsel.

IV. Conclusion
We quash the writ as to the issues whether the trial court erred by failing to consider borderline mental retardation as a mitigating factor and whether post-trial/appellate counsel's assistance was ineffective. Because the State waived the preclusive bars of Rule 32.2(a) by not raising them in the trial court, it may not raise those bars here as a defense to Clemons's ineffective-assistance-of-trial counsel claims. Because the preclusive bars of Rule 32.2(a) are nonjurisdictional in nature, the Court of Criminal Appeals may not raise them sua sponte, except in extraordinary circumstances, and such circumstances are not present here. We therefore reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Clemons's claims of ineffective assistance of trial counsel.
WRIT QUASHED IN PART; REVERSED AND REMANDED.
SEE, WOODALL, BOLIN, and PARKER, JJ., concur.
STUART, J., concurs in the result.
MURDOCK, J., concurs in the rationale in part and concurs in the result.
COBB, C.J., and SMITH, J., recuse themselves.
STUART, Justice (concurring in the result).
I agree with the main opinion's holding that the procedural bars in Rule 32.2(a), Ala. R.Crim. P., are not jurisdictional. I also agree that remand of this case to the Court of Criminal Appeals is proper to allow that court to further analyze Clemons's claims of ineffective assistance of trial counsel. I, however, believe that in *357 addition to the "exceptional circumstances" recognized by the main opinion that permit an appellate court to sua sponte apply a procedural bar that has been waived, sua sponte application of the waived procedural bar by an appellate court is also appropriate if that application is harmless, i.e., if the sua sponte application of the waived procedural bar does not "probably injuriously affect[] substantial rights" of the petitioner or the State. See Rule 45, Ala. R.App. P. Therefore, I concur in the result.
I agree with the main opinion that the procedural bars set forth in Rule 32.2(a) are not jurisdictional. The main opinion, however, implies that there is not a meaningful distinction between a rule of procedure that is mandatory and one that is jurisdictional.[4] I disagree. A mandatory rule is not the equivalent of a jurisdictional rule.
This Court has long recognized that although the failure of a court or a party to comply with a mandatory rule of criminal procedure may be reversible error, the failure to comply with such a rule does not divest a court of jurisdiction. For example, Rule 14.4, Ala. R.Crim. P., provides that before a trial court can accept a plea of guilty from a defendant the trial court must address the defendant personally in the presence of counsel and advise the defendant of the consequences of his guilty plea. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Cantu v. State, 660 So.2d 1026 (Ala. 1995), this Court held that the failure of a trial court to properly advise a defendant and determine that the defendant knowingly, intelligently, and voluntarily entered his plea  i.e., a trial court's failure to comply with Rule 14.4  is not a jurisdictional defect. Therefore, even though a rule of criminal procedure may be mandatory and the failure to comply with the rule may be reversible error, a trial court's failure to comply with the mandatory rule does not necessarily create a jurisdictional defect.
"Jurisdiction" is "`[a] court's power to decide a case or issue a decree.'" Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006) (quoting Black's Law Dictionary 867 (8th ed.2004)). Rule 32.1, Ala. R.Crim. P., states: "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure the appropriate relief. . . ." See also Smith v. State, 918 So.2d 141, 161 (Ala.Crim.App.2005) ("By virtue of §§ 12-11-30(2) and 12-12-51, Ala.Code 1975, and Rule 32.1, Ala. R.Crim. P., the court of original conviction has subject matter jurisdiction to entertain a Rule 32 petition." (Baschab, J., concurring in the result)). Thus, a court's jurisdiction to entertain a Rule 32 petition rests upon whether the petitioner files the petition in the court in which he was originally convicted and whether the petition satisfies "the limitations of Rule 32.2."
A plain reading of Rule 32.2(a) establishes that the jurisdictional reference in Rule 32.1 to "the limitations of Rule 32.2" does not include the procedural bars set forth in Rule 32.2(a). Rule 32.2(a), Ala. R.Crim. P., provides:
"(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
"(1) Which may still be raised on direct appeal under the Alabama Rules of *358 Appellate Procedure or by posttrial motion under Rule 24; or
"(2) Which was raised or addressed at trial; or
"(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
"(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or
"(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."
Rule 32.2(a) addresses the grounds upon which a court can or cannot base its decision; it does not address the court's jurisdiction to decide. Therefore, the plain language of Rule 32.2(a) unequivocally establishes a mandatory rule that a trial court must apply the procedural bars of Rule 32.2(a) to claims in a Rule 32 petition; the language does not establish that the court loses its jurisdiction to entertain a petition if it fails to apply the mandatory rule. Consequently, I disagree with the conclusion in the main opinion that there is not a meaningful distinction between a mandatory rule and a jurisdictional one.
Because the application of, or the failure to apply, the procedural bars of Rule 32.2(a) does not impact the court's jurisdiction to address a Rule 32 petition, the question presented by this particular case is whether an appellate court can sua sponte apply the Rule 32.2(a) procedural bars to claims in a petition when the State has failed to plead the procedural bars in its response. In other words, can an appellate court sua sponte recognize the applicability of the mandatory procedural bars to claims in a Rule 32 petition, apply those bars to the claims, and refuse to address the merits of the claims?
In Ex parte Rice, 565 So.2d 606 (Ala. 1990), this Court held that Temp. Rule 20, Ala. R.Crim. P. (now Rule 32.3, Ala. R.Crim. P.), which requires the State to plead in its response the applicability of any of the procedural bars provided in Rule 32.2 (then Temp. Rule 20.2) to the claims in the petition, is a mandatory rule of procedure. In Ex parte Rice, the Court explained that due process required the State to plead the procedural bars that it maintains apply to the claims in a Rule 32 petition to give "the petitioner the notice he needs to attempt to formulate arguments and present evidence to `disprove [the] existence [of those grounds] by a preponderance of the evidence.'" 565 So.2d at 608. See also Nicks v. State, 783 So.2d 895 (Ala.Crim.App.1999). Thus, the State must comply with the pleading requirement of Rule 32.3.
The main opinion concludes that because the State's compliance with Rule 32.3 is mandatory, if the State fails to comply with the rule, it waives application of the procedural bars and an appellate court cannot sua sponte apply the procedural bars to claims in the petition, unless "exceptional circumstances" are present. I maintain that, in addition to these "exceptional circumstances," if sua sponte application of the waived procedural bar by an appellate court is harmless, i.e., if the sua sponte application of the waived procedural bar does not "probably injuriously affect[] substantial rights" of the petitioner or the State, it is appropriate for the appellate court to apply the procedural bar.
Rule 45, Ala. R.App. P., states:
"No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal *359 of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
(Emphasis added.)
A harmless-error analysis is proper in this case. Here, the State admits that it did not plead the applicability of the procedural bars of Rule 32.2(a) to Clemons's claims of ineffective assistance of trial counsel, and the trial court did not apply the procedural bars when it addressed those claims. The Court of Criminal Appeals, however, applied these mandatory procedural bars and thus did not address the merits of Clemons's ineffective-assistance-of-trial-counsel claims. Therefore, we are presented with the question whether the sua sponte application of the procedural bars by the appellate court has "probably injuriously affected substantial rights" of the State or Clemons. See Rule 45, Ala. R.App. P. I believe that if it is obvious from the record that the procedural bars are applicable and nothing in the record establishes that Clemons's or the State's substantial rights will probably be injuriously affected, then the sua sponte application of the Rule 32.2(a) procedural bars by the Court of Criminal Appeals is harmless.
The Court of Criminal Appeals conducted such a harmless-error analysis in Young v. State, 600 So.2d 1073, 1075-76 (Ala.Crim.App.1992), stating:
"Young contends that this cause must be remanded because the prosecutor failed to file a response in compliance with Rule 32.7(a). The attorney general has offered no response to this argument. In Ex parte Rice, 565 So.2d 606 (Ala. 1990), our supreme court held that the prosecutor's failure to file a statement of the specific grounds of preclusion upon which he relies violates the petitioner's right to due process and falls short of the prosecutor's burden of pleading set forth in Rule 20.3, A.R.Cr.P.Temp. (now Rule 32.3, A.R.Cr.P.).
"We conclude, under the narrow facts before us, that the prosecutor's failure in this case is harmless error. The purpose of Rule 32.3 is to `giv[e] the petitioner the notice he needs to attempt to formulate arguments and present evidence to "disprove [the] existence [of those grounds] by a preponderance of the evidence."' 565 So.2d at 608 (quoting language in Rule 20.3, A.R.Cr. P.Temp., which is identical to Rule 32.3, A.R.Cr.P.). Under the present circumstances, had Young been given adequate notice of the applicable grounds of preclusion, Young could not have formulated any plausible argument or presented any evidence to overcome the facts supporting application of the limitations period, to dispute the fact that one issue had previously been decided on its merits, or to overcome the legal requirement that Young could attack only the validity of the murder conviction and sentence in the present petition, not the validity of the prior convictions used to enhance his sentence. The facts upon which the preclusion grounds are founded  the date of issuance of certificate of judgment, the date of the filing of the instant petition, and the trial court's finding that Young's prior convictions are adult convictions  are beyond dispute; we have discerned them from records before us."
600 So.2d at 1075-76.
I agree with the Court of Criminal Appeals that the State's failure to plead the *360 procedural bars may, under certain circumstances, be considered harmless.
Because I believe that a harmless-error analysis is appropriate in this case, I have thoroughly reviewed the record to determine whether "the error complained of has probably injuriously affected substantial rights of" Clemons. Rule 45, Ala. R.App. P. The facts of this case with regard to trial counsel are unusual. The record reflects that the State recognized the unusual circumstances and made an affirmative decision to waive, on the record, the application of the Rule 32.2(a) procedural bars to Clemons's claims of ineffective assistance of trial counsel. It appears from the State's actions and representations to the court that the State believed that application of the procedural bars would probably injuriously affect the substantial rights of either Clemons or the State, if not in the State postconviction proceeding then in the federal habeas proceedings. Therefore, in light of the unusual circumstances with regard to Clemons's trial and appellate counsel and the State's actions and representations during the Rule 32 proceedings, I cannot conclude that the State's failure to plead application of the procedural bars in this case and the Court of Criminal Appeals' sua sponte application of the procedural bars to Clemons's claims of ineffective assistance of trial counsel were harmless. Therefore, I agree that remand to the Court of Criminal Appeals for that court to address Clemons's claims of ineffective assistance of trial counsel is proper.
MURDOCK, Justice (concurring in the rationale in part and concurring in the result).
I concur in the analysis of the main opinion in all respects except one. I am not at this time fully persuaded of the merit of the so-called extraordinary-circumstances exception to the general rule we announce today regarding the inability of an appellate court to raise sua sponte a Rule 32.2(a) preclusive bar that has been waived by the State or, if such an exception is to exist, precisely what its parameters should be. Moreover, I see no need to decide these issues in this case. These issues have not been briefed to this Court, and, as the main opinion itself notes, the facts of this particular case would not appear to lend themselves to such an exception. I, therefore, would not go so far as does the main opinion in affirmatively recognizing and defining such an exception in the present case.
NOTES
[1] Although the State concedes that Clemons "functions in the borderline range of intellectual ability," it contends that Clemons is not borderline mentally retarded. Because we quash the writ as to the issue whether Clemons's borderline intellectual capacity should have been considered as a mitigating factor, it is not necessary for us to elaborate upon the significance of any such distinction.
[2] The order entered by the trial court denying Clemons's Rule 32 petition was an order proposed by the State; it states:

"The State of Alabama could have asserted a procedural bar to the consideration of the current petition as these allegations [of ineffective assistance of trial counsel] could have been raised or addressed during the Motion for New Trial hearing and on direct appeal. The State waived this procedural bar. . . ."
[3] "From a practical standpoint, this Court's ability to handle the ever-increasing number of appeals from Rule 32 petitions would be greatly impeded if we could not sua sponte apply the procedural bars set out in Rule 32.2, Ala. R.Crim. P." Davis v. State, 9 So.3d at 535 (opinion on application for rehearing).
[4] The main opinion finds confirmation for its conclusion in the State's position at oral argument that the procedural bars of Rule 32.2(a) are jurisdictional. In my opinion, the State, like the main opinion, is erasing the distinction between the meanings of the terms jurisdictional and mandatory.