On State’s Application for Rehearing
 

 SHAW, Judge.
 

 In an opinion issued on June 29, 2007, this Court granted Richard Corey Fox’s application for rehearing, withdrew our unpublished memorandum issued on June 16, 2006, and remanded this case for the circuit court to conduct an evidentiary hearing on Fox’s claim in his Rule 32, Ala. R.Crim.P., petition for postconviction relief that he was denied counsel at arraignment. The State has now filed an application for rehearing asking that we set aside our judgment and, as we did in our unpublished memorandum issued on June 16, 2006, affirm the circuit court’s summary denial of Fox’s Rule 32 petition. We overrule the State’s application; however, the opinion issued on June 29, 2007, is withdrawn, and the following opinion is substituted therefor.
 

 Richard Corey Fox appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1991 conviction for capital murder and his resulting sentence of life imprisonment without the possibility of parole. This Court affirmed Fox’s conviction and sentence on appeal. See
 
 Fox v. State,
 
 602 So.2d 484 (Ala.Crim.App.1992). This Court issued a certificate of judgment on August 11,1992.
 

 Fox filed this, his second, Rule 32 petition on May 2, 2005. In his petition, Fox alleged that the trial court lacked jurisdiction to render the judgment or to impose
 
 *496
 
 the sentence because, he said, he was denied counsel at arraignment. He argued that, although he was represented by counsel throughout the proceedings, his counsel was not in fact present in the courtroom when he was arraigned. On August 16, 2005, Fox filed an amendment to his petition, in which he argued that his counsel was ineffective for not presenting mitigating evidence at the guilt phase of his trial in order to obtain a conviction for a lesser-included offense. Fox argued that his ineffective-assistance claim constituted newly discovered material facts under Rule 32.1(e) because, he said, the United States Supreme Court, on June 20, 2005, announced a new standard for evaluating ineffeetive-assistance-of-counsel claims in
 
 Rompilla v. Beard,
 
 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005). After receiving a response from the State, the circuit court, on October 26, 2005, summarily denied Fox’s petition and the amendment to the petition.
 

 Fox’s claim that his counsel was ineffective is barred by Rule 32.2(b), Ala. R.Crim.P., because this is Fox’s second Rule 32 petition. Contrary to Fox’s contention, his claim does not constitute newly discovered material facts under Rule 32.1(e), Ala.R.Crim.P. Therefore, denial of this claim was proper.
 
 [1]
 

 Fox’s claim that he was denied counsel at arraignment is jurisdictional. See
 
 Betton v. State,
 
 940 So.2d 1075 (Ala.Crim.App.2005). Therefore, this claim is not subject to the procedural bars in Rule 32.2(a) and Rule 32.2(c). Moreover, this claim was not raised in Fox’s previous Rule 32 petition; therefore, it is likewise not subject to the procedural bar in Rule 32.2(b). See
 
 Ex parte Trawick,
 
 972 So.2d 782 (Ala.2007). This claim is also pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Moreover, we cannot agree with the State that the record affirmatively shows that Fox was represented by counsel at arraignment.
 
 [2]
 
 The case-action summary lists William Veitch as Fox’s counsel, and indicates that Fox was arraigned on June 19, 1990. However, there is no notation on the ease-action summary stating that Veitch was actually present at the arraignment, nor is there a transcript of arraignment in the record. The record does contain numerous pretrial motions filed by Veitch on June 19,1990, the day of arraignment, but nothing in the record indicates that those motions were filed in open court. Furthermore, as the State correctly points out in its brief to this Court, at a hearing on January 28, 1991, just before the trial began, Veitch stated: “The defendant’s defense has included a possible insanity plea, which we reserved at the time he was arraigned on January third, 1991.” (Record on Direct Appeal, R. 35.) Later during the same hearing,
 
 *497
 
 Veitch stated: “And Your Honor specifically allowed me to withhold that part of my plea at that time at arraignment in case I wanted to add an insanity defense.” (Record on Direct Appeal, R. 38.) Although these statements suggest that Veitch was present with Fox at his arraignment, as noted above, Fox was arraigned on June 19, 1990, not January 3, 1991. The record reflects that January 3, 1991, was a hearing on pretrial motions, not an arraignment. Thus, we cannot say that counsel’s statements at the January 28, 1991, hearing affirmatively show that Fox was represented by counsel at arraignment. See, e.g.,
 
 Castillo v. State,
 
 925 So.2d 284 (Ala.Crim.App.2005). Therefore, because Fox’s claim is not procedurally barred, is sufficiently specific, and is meritorious on its face, we must remand this case for the circuit court to allow Fox an opportunity to prove his claim. See
 
 Ford v. State,
 
 831 So.2d 641, 644 (Ala.Crim.App.2001) (“Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”).
 

 Based on the foregoing, we remand this case for the circuit court to allow Fox an opportunity to present evidence to support his claim that he was denied counsel at arraignment. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Fox’s claim and may grant whatever relief it deems necessary. Due return shall be filed with this Court within 42 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
 

 STATE’S APPLICATION OVERRULED; OPINION OF JUNE 29, 2007, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . We note that, in his brief on appeal, Fox argues that the circuit court did not rule on this claim, which was presented in the amendment to his petition. We disagree. Fox filed his amendment timely, some two months before the circuit court denied his petition, and there is no indication in the record that the circuit court did not accept the amendment. In denying Fox’s petition, the circuit court merely noted on the case-action summary that the petition was "without merit.” (C. 44.) We construe this ruling to encompass both the claim asserted in Fox’s petition and the claim asserted in his amendment. We also note that, although the circuit court did not apply Rule 32.2(b) to this claim, the State pleaded Rule 32.2(b) in its response to Fox's petition. Therefore, this Court may apply Rule 32.2(b) to this claim under the Alabama Supreme Court’s opinion in
 
 Ex parte Clemons,
 
 [Ms. 1041915, May 4, 2007] - So.3d-(Ala.2007).
 

 [2]
 

 . This court may take judicial notice of its own records. See
 
 Hull v. State,
 
 607 So.2d 369, 371 (Ala.Crim.App.1992).
 

 *
 

 Note from the reporter of decisions: On February 26, 2010, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 19, 2010, that court denied rehearing, without opinion. On June 18, 2010, the Supreme Court denied certiorari review, without opinion (1090913).