62 So.3d 601 (2009)
Neil WALKER
v.
STATE of Alabama.
CR-08-0527.
Court of Criminal Appeals of Alabama.
August 7, 2009.
Rehearing Denied October 2, 2009.
Certiorari Denied November 12, 2010 Alabama Supreme Court 1090065.
Neil Walker, pro se.
*602 Troy King, atty. gen., and Beth Slate Poe, asst. atty. gen., for appellee.
MAIN, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, P.J., and KELLUM, J., concur. WINDOM, J., concurs with the result. WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
On December 1, 2008, Neil Walker filed what he styled as a petition for a writ of mandamus in the Houston Circuit Court. In the petition Walker raised a litany of evidentiary challenges and interrogatories and also asserted that there was a variance between the indictment and the evidence, that the State's evidence was insufficient to support a conviction, and that the Houston Circuit Court was not the proper venue for his trial. On December 3, 2008, the circuit court, without awaiting a response from the State, entered a written order stating: "Petition is denied." (R. 62.) Walker appealed, and the majority, correctly treating the petition as an appeal from the denial of a Rule 32, Ala. R.Crim. P., petition, affirms the judgment of the circuit court in an unpublished memorandum. The majority holds:
"On appeal, Walker essentially reiterates the claims from his [Rule 32] petition. In Ex parte Clemons, 55 So.3d 348 (Ala.2007), the Alabama Supreme Court held that this Court cannot, except in extraordinary circumstances, sua sponte apply the Rule 32.2 procedural bars on appeal. However, the due-process principles discussed in Clemons do not apply in this case because the circuit court dismissed the petition without requiring a response from the State. See A.G. v. State, 989 So.2d 1167 (Ala.Crim. App.2007). Thus, the present petition is barred by Rule 32.2(c), Ala.R.Crim.P., as it was filed well beyond the limitations period. Further, the present petition is barred by the prohibition against successive petitions in Rule 32.2(b), Ala.R.Crim.P., as Walker has filed numerous petitions challenging his 1994 murder conviction and sentence, and, in at least two of those prior petitions, Walker raised essentially the same allegations as in the present petition."
(Footnote omitted.)
In his appeal, Clemons set forth due-process principles prohibiting this Court from sua sponte applying procedural bars found in Rule 32.2(a) to affirm the denial or dismissal of a Rule 32 petition. Concisely, the rationale stated in Clemons is that the bars found in Rule 32.2(a) are affirmative defenses as to which a petitioner must be given notice. Clemons due-process concerns were expanded to Rule 32.2(c) in Ex parte Ward, 46 So.3d 888 (Ala.2007). Ward decided that the preclusionary ground in Rule 32.2(c), the limitations period, was an affirmative defense that, as decided in Clemons regarding the preclusionary grounds of Rule 32.2(a), this Court may not sua sponte apply for the first time on appeal.
I disagree with the majority's reliance on A.G. v. State, 989 So.2d 1167 (Ala.Crim. App.2007), as authority removing this case from the scope of Clemons. The majority cites A.G. for the proposition that when the State does not file a response, Clemons is not applicable. This interpretation frees this Court to sua sponte apply a procedural bar which neither the State nor the circuit court applied. In A.G. the State did file a response. Thus, I believe the discussion of this proposition in a footnote in A.G. is mere dicta and not precedent to be followed by this court.
It has not been decided whether this Court can sua sponte apply the bar of Rule *603 32.2(b), a successive petition, for the first time on appeal. In Fox v. State, 50 So.3d 494, 496 n. 1 (Ala.Crim.App.2007), I believe that this Court has implied that the bar of successive petitions is subject to the holding in Clemons. In Fox we stated:
"We note that, in his brief on appeal, Fox argues that the circuit court did not rule on this claim, which was presented in the amendment to his petition. We disagree. Fox filed his amendment timely, some two months before the circuit court denied his petition, and there is no indication in the record that the circuit court did not accept the amendment. In denying Fox's petition, the circuit court merely noted on the case-action summary that the petition was `without merit.' (C. 44.) We construe this ruling to encompass both the claim asserted in Fox's petition and the claim asserted in his amendment. We also note that, although the circuit court did not apply Rule 32.2(b) to this claim, the State pleaded Rule 32.2(b) in its response to Fox's petition. Therefore, this Court may apply Rule 32.2(b) to this claim under the Alabama Supreme Court's opinion in Ex parte Clemons, 55 So.3d 348 (Ala.2007)."
This footnote would be unnecessary if successive petitions were not subject to the principle announced in Clemons.
I believe that Rule 32.2(b), like Rules 32.2(a) and (c), is an affirmative defense. Thus, I believe if squarely faced with this question, this Court should not, on due-process grounds, sua sponte apply Rule 32.2(b). Thus, I must dissent because I cannot affirm the circuit court's judgment based on the analysis set forth by the majority. I would remand this case to the circuit court.
I note that the dissenting opinion is inconsistent with my votes in A.G. and Davenport v. State, 987 So.2d 652 (Ala. Crim.App.2007). I have, since casting my vote in those cases, reconsidered and determined that due process requires notice of any affirmative defense. I believe that is what Clemons intended.