JOINER, Judge,
concurring specially.
I fully concur with the main opinion. I write specially to explain my basis for doing so and to note that, although I think the extraordinary-circumstances analysis Judge Welch proposes in his separate opinion is an excellent approach, I do not think it is necessary in this case.
In A.G. v. State, 989 So.2d 1167 (Ala.Crim.App.2007), this Court discussed the holding in Ex parte Clemons, 55 So.3d 348 (Ala.2007), that absent “extraordinary circumstances” this Court could not sua sponte apply a ground of preclusion to a petitioner’s claim. 989 So.2d at 1179. This Court stated in A.G.:
“The opinion in Ex parte Clemons appears to be grounded in due-process principles. The Court noted in Ex parte Clemons that Rule 32.3 places the burden on the State to plead any ground of preclusion but then places the burden on the petitioner to disprove the existence of any preclusion ground asserted by the State. Thus, for a petitioner to satisfy his burden of disproving a preclusion ground asserted by the State, due process requires that a petitioner be given notice of that preclusion ground.”
989 So.2d at 1179.
As the main opinion concludes, the State cannot be said to have waived the grounds of preclusion because it did not have the opportunity to assert them in the circuit court. The first opportunity the State had to assert those grounds was in its brief to this Court, and the State took that opportunity to do so. McLeod was given notice of the preclusion grounds asserted by the State in its brief on appeal. See Rule 31(b), Ala. R.App. P. (requiring a party to serve a copy of its brief on each party). Further, Rule 28(c), Ala. R.App. P., afforded McLeod the opportunity to file a reply in response to the State’s assertion of the preclusionary grounds, but McLeod did not avail himself of that opportunity. In fact, McLeod sent two documents to this Court after the State filed its brief, but neither was a timely reply and neither addressed the State’s assertion that McLeod’s claims are procedurally barred.
If McLeod had responded to the State’s assertion of the grounds of preclusion and if that response had warranted additional fact-finding, the matter could have been remanded to the circuit court for fact-finding as to that issue, including, if necessary, an evidentiary hearing. See Rule 32.9, Ala. R.Crim. P. See also Ex parte Coleman, 71 So.3d 627, 633 (Ala.2010). Cf. Ex parte Clemons, 55 So.3d at 356 (stating that under the particular circumstances there the Court “need not reach the question of the ease with which the issue [of whether to apply a procedural bar sua sponte] could be resolved at the appellate level without the necessity for further fact-finding”).
Because the State asserted the grounds of preclusion at its first opportunity to do so and because McLeod had notice and an opportunity to respond to the State’s assertion of the preclusion grounds but did not do so, I do not think it is necessary to perform the extraordinary-circumstances analysis proposed by Judge Welch. Under these particular circumstances, this Court’s resolution of the instant case is *1025 consistent with the due-process principles identified in Ex parte Clemons, supra, and AG., supra.