On November 1, 2004, the appellant, Swannie Lee Davenport, was convicted of manslaughter.[1] On January 13, 2005, the trial court sentenced her to serve a term of twenty years in prison. We affirmed her conviction and issued a certificate of judgment on March 30, 2006. See Davenport v. State,968 So.2d 27 (Ala.Crim.App. 2005). On May 24, 2007, the appellant filed a Rule 32 petition, challenging her conviction.[2] Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that she is entitled to post-conviction relief because:
 1) her sentence is excessive and harsh because she was forty-seven years old and had not previously been charged with or convicted of a felony;[3]
 2) the prosecutor allegedly engaged in misconduct during his closing argument; and
 3) her counsel rendered ineffective assistance.
Initially, we note that the appellant filed her petition after the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P., had expired, and she raised nonjurisdictional claims. However, the circuit court denied her petition without first requiring a response from the State. In Ex parte Ward, [Ms. 1051818, June 1, 2007] ___ So.2d ___, ___ (Ala.Crim.App. 2007), the Alabama Supreme Court addressed the limitations period in Rule 32.2(c), Ala. R.Crim. P., as follows:
 "[T]he limitations provision of Rule 32.2(c) is an affirmative defense and not a jurisdictional bar.
 ". . . .
 "Although we today hold that the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless *Page 654 written in mandatory terms. Rule 32.2(c) provides that `the court shall not entertain any petition for relief from a conviction or sentence' that is not timely. In prior cases in which it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory `shall' language found in Rule 32.2(c) and the fact that no Alabama court has ever held that there is an exception to the limitations period. See, e.g., Arthur v. State, 820 So.2d 886, 889-90 (Ala.Crim.App. 2001) (holding that there is no exception to Rule 32.2(c) and that the limitations period is jurisdictional). However, this Court has never held that equitable tolling is not available in a case such as this one. Moreover, because Rule 32.2(c) does not establish a jurisdictional bar, the trial court has the power to hear an untimely petition because the running of the limitations period would `not divest the circuit court of the power to try the case.' Ex parte Seymour, 946 So.2d 536, 539
(Ala. 2006).
 "Further, as Ward points out, under federal habeas corpus practice, the federal courts have held that equitable tolling is available for a § 2244 petition, notwithstanding that the word `shall' appears in 28 U.S.C. § 2244(d)(1) (establishing procedures for petitions for the writ of habeas corpus). See, e.g., Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (holding that equitable tolling may be available where the attorney's behavior was outrageous or the attorney's incompetence was extraordinary); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (allowing equitable tolling where the petitioner's attorney failed to file the petition and failed to return the petitioner's file despite multiple requests from the petitioner); Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999) (allowing equitable tolling in cases of extraordinary circumstances beyond the petitioner's control and unavoidable even with the exercise of diligence).
 "We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence. We recognize that `[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of "equity would make the rigid application of a limitation period unfair" and whether the petitioner has "exercised reasonable diligence in investigating and bringing [the] claims."' Fahy v. Horn, 240 F.3d 239, 245 (3d Cir. 2001) (quoting Miller v. New Jersey Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). Nevertheless, `the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.' United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).
 "Finally, we must address the petitioner's burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State. Bishop v. State, 608 So.2d 345, 347-48 (Ala. 1992) (`"Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney."'). Although the Rules of *Page 655 
Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P.
 "Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. See Spitsyn v. Moore, 345 F.3d at 799 (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the `extraordinary circumstances' alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness); Drew v. Department of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition
that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R.Crim. P."
(Emphasis added; footnote omitted.)
Based on the plain language of Ward, the petitioner must establish entitlement to the remedy of equitable tollingin her petition. In this case, the petition was time-barred on its face, and the appellant did not assert equitable tolling in the petition. Therefore, the circuit court could have properly summarily denied the petition pursuant to Rule 32.2(c), Ala. R.Crim. P., because it was time-barred.[4]
Accordingly, we affirm the circuit court's judgment. SeeSumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998) (holding that we will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason).
AFFIRMED.
McMILLAN, WISE, and WELCH, JJ., concur.
SHAW, J., concurs in the result.
[1] The appellant was also convicted of first-degree hindering prosecution. On direct appeal, we held that she could not properly be convicted of both manslaughter and first-degree hindering prosecution because the hindering prosecution charge arose from the same facts as those supporting the manslaughter conviction. See Davenport v. State, 968 So.2d 27
(Ala.Crim.App. 2005). Therefore, we remanded the case to the trial court and instructed it to set aside her conviction and sentence for first-degree hindering prosecution.
[2] Although the appellant styled her pleading as a "Motion to Vacate Sentence," it is actually a Rule 32 petition challenging her conviction. See Ex parte Deramus,882 So.2d 875 (Ala. 2002).
[3] The appellant also includes an assertion that "[m]anslaughter carries a term of 2 to 15 years." (C.R. 4.) To the extent she argues that her sentence exceeds the maximum authorized by law or is otherwise not authorized by law, her argument is without merit. The trial court sentenced the appellant to serve a term of twenty years in prison. Manslaughter is a Class B felony. See
§ 13A-6-3(b), Ala. Code 1975. A Class B felony is punishable by "not more than 20 years or less than 2 years." § 13A-5-6(a)(2), Ala. Code 1975. Therefore, her sentence was within the statutory range for a Class B felony.
[4] Because the circuit court did not require a response from the State, the due process considerations discussed in Exparte demons, [Ms. 1041915, May 4, 2007] ___ So.2d ___ (Ala. 2007), are not implicated in this case. See A.G. v.State, [Ms. CR-05-2241, November 2, 2007] ___ So.2d ___ (Ala.Crim.App. 2007). *Page 656