WELCH, Judge,
concurring in the result.
I concur in the result reached in the majority’s opinion.
I.
The State’s legitimate lack of opportunity to plead procedural bars, and recognition that the State did not waive the bar, does not relieve this Court of the obligation to conduct the extraordinary circumstance analysis mandated by Ex parte Clemons before sua sponte applying procedural bars.
I believe that the majority has failed to follow the plain mandate of Ex parte Clemons, 55 So.3d 348 (Ala.2007). I disagree with the majority’s conclusion that because the State had no opportunity to respond in the trial court, it did not waive the applicable affirmative defenses, which are procedural bars in this case, and can assert those defenses for the first time on appeal and that, for that reason, this Court may sua sponte[4] apply them to affirm the circuit court’s denial of the Rule 32 petition.
The majority’s analysis directly contradicts the explicit holding in Ex parte Clemons that the sua sponte application of procedural bars by an appellate court is allowed only in eases in which the appellate court finds the existence of “extraordinary circumstances.” Ex parte Clemons, 55 So.3d at 354-55. I also conclude that in Davenport v. State, 987 So.2d 652 (Ala.Crim.App.2007), relied upon by the majority, this Court misapplied the holding of Ex parte Clemons and that Davenport should be overruled.[5] Therefore, for the reasons that follow, I respectfully must disagree with the rationale of the majority.

A. Procedural posture of the case

On February 6, 2012, McLeod filed his petition, challenging four May 16, 1989, convictions and sentences. The majority characterizes the claims McLeod pursues on appeal as follows:
“In his motion, McLeod alleged that he was denied a fair trial in violation of the Sixth Amendment to the United States Constitution because: 1) Juror N.M. was influenced by her son, a narcotics agent, to find McLeod guilty; [and] 2) the State failed to disclose to the trial court and to McLeod that it was aware Jurors J.H. and N.M. had failed to disclose information during voir dire....”
McLeod v. State, 121 So.3d 1020, 1022 (Ala.Crim.App.2012).
Without allowing a response from the State, the circuit court summarily denied relief on these claims by the notation “motion denied” on the case-action summary of each case. McLeod appealed. Both claims are, as the majority determined, nonjurisdictional claims that are untimely under Rule 32. See Rule 32.2(c), Ala. R.Crim. P. (holding that newly discovered evidence claims must be raised within six months of discovery and McLeod’s other *1026 claims must be raised within two years[6] of the issuance of the certificate of judgment).
In its brief on appeal, the State argues that McLeod’s claims were procedurally barred under Rules 32.2(b), as a successive petition, and under 32.2(c), Ala. R.Crim. P., as untimely filed. Because the circuit court summarily dismissed the petition before the State responded, the majority characterizes the threshold question as whether the State has waived the applicable procedural bars and whether the State may raise the bars at its first opportunity. This question was not raised by the State in its brief.
Citing Ex parte Collier, 64 So.3d 1045 (Ala.2010), and Ex parte Collins, 84 So.3d 48 (Ala.2010), the majority holds that the State will not be charged with having waived any procedural bar so long as the State does raise them at the first opportunity. In this case, the first opportunity was on appeal.
I agree with the majority when it cites Ex parte Collier, 64 So.3d 1045 (Ala.2010), and Ex parte Collins, 84 So.3d 48 (Ala.2010), to establish that the State did not waive the relevant affirmative defenses in this case. However, for the reasons that follow, I do not believe that even the State’s legitimate lack of opportunity to plead an affirmative defense pretermits the application of an Ex parte Clemons extraordinary-circumstance analysis.
The rationale of the majority opinion fails to explain why the express requirement of Ex parte Clemons, reinforced in Ex parte James, 61 So.3d 352 (Ala.2009)—that before an appellate court may sua sponte apply a procedural bar to affirm the judgment of a trial court, it must find that extraordinary circumstances exist that justify that action — should be ignored when this Court finds that the State, through no fault of its own, has failed to assert an affirmative defense in the circuit court. The majority’s analysis also relies in part on obiter dicta, in particular A.G. v. State, 989 So.2d 1167, 1180, n. 6 (Ala.Crim.App.2007), and Davenport, a case that itself is based on obiter dicta and that ignores the plain mandate of Ex parte Clemons.
I will explain in this writing that the consideration of whether a waiver occurred and the cause of the State’s failure to plead an affirmative defense should be assessed in an extraordinary-circumstances analysis when considering the blameworthiness of the State for failing to raise an affirmative defense in the circuit court. Whether a waiver has or has not occurred is not the only factor this Court should consider when deciding whether to apply a preclusionary bar sua sponte on appeal where the State had no opportunity to assert an affirmative defense, as the majority holds.
B. The holding in Ex parte Clemons
In Ex parte Clemons, supra, the State expressly waived procedural bars in its response to the Rule 32, Ala. R.Crim. P., petition in the circuit court and during the direct appeal to this Court. This Court applied the procedural bars on appeal. During oral arguments before the Alabama Supreme Court, without prior notice to the petitioner, the State asserted:
“[T]he procedural bars of Rule 32.2(a) are jurisdictional and cannot be waived. Accordingly, the State contended, the Court of Criminal Appeals *1027 correctly applied those bars sua sponte to Clemons’s ineffective-assistance-of-trial-counsel claims, despite the State’s failure to assert the procedural bars in the trial court.”
Ex parte Clemons, 55 So.3d at 352.
The Alabama Supreme Court determined that procedural bars were not jurisdictional and could be waived by the State, and, in an ordinary case, an appellate court cannot apply sua sponte a procedural bar that had been expressly waived by the State in the circuit court.
“The question before us in this proceeding is whether the State may waive the affirmative defense of the procedural bars of Rule 32.2(a) and thereby enable the trial court to entertain the proceeding on its merits.
[[Image here]]
“If we were to read Rule 32.2(a) as a limitation upon the jurisdiction of the circuit court to grant relief in instances where preclusion is available as a defense, thereby enabling an appellate court to invoke the defense sua sponte, we will have construed a rule of procedure in a manner contrary to the authority conferred upon this Court by the Alabama Constitution. This we simply cannot do.”
Ex parte Clemons, 55 So.3d at 353-54.
Finally, the Supreme Court also held that where extraordinary circumstances exist, an appellate court may apply sua sponte an affirmative defense that had been waived by the State in the circuit court:
“However, our holding that the procedural bars in Rule 32.2(a) are not jurisdictional does not lead to the conclusion that an appellate court can never assert them sua sponte. Federal courts of appeals have, sua sponte, overcome waiver of the defense of preclusion in postcon-viction proceedings under extraordinary circumstances.”
Ex parte Clemons, 55 So.3d at 354.
Ex parte Clemons dealt with an express waiver of procedural bars by the State in the circuit court. The Alabama Supreme Court later clarified that the omission of an affirmative defense in a response filed by the State amounted to a waiver. In Ex parte James, 61 So.3d 352 (Ala.2009), the State did not plead in the circuit court an affirmative defense to each ineffective-assistance-of-counsel claim pleaded by James. The Alabama Supreme Court reaffirmed that an appellate court is prohibited from sua sponte applying a procedural bar unless the Court finds that extraordinary circumstances exist.
“[I]t is undisputed that the State did not plead the affirmative defense of the pre-clusionary grounds of Rule 32 concerning the majority of James’s ineffective-assistance-of-counsel claims, thus waiving that affirmative defense, and that no ‘extraordinary circumstances’ exist that would justify the Court of Criminal Appeals’ sua sponte application of the procedural grounds to those of James’s ineffective-assistance-of-counsel claims as to which the State did not plead the affirmative defense. The State concedes that the Court of Criminal Appeals’ sua sponte application of the preclusionary grounds of Rule 32 to James’s ineffective-assistance-of-counsel claims conflicts with Clemons and that its judgment should be reversed and the case remanded for that court to consider the merits of James’s remaining ineffective-assistance-of-counsel claims. We agree. As Clemons establishes, the preclusion-ary grounds of Rule 32 are affirmative defenses that must be pleaded or they are waived; the preclusionary grounds do not affect the courts’ jurisdiction. The State concedes that it waived the *1028 preclusionary grounds by not pleading them as an affirmative defense in the circuit court. Therefore, we reverse the Court of Criminal Appeals’ judgment and remand the case for that court to consider the merits of James’s remaining ineffective-assistance-of-counsel claims.”
61 So.3d at 356.
Therefore, the Supreme Court held in Ex parte James that the State’s omission of an affirmative defense in its response to a petitioner’s claim is a waiver of that affirmative defense and that Ex parte Clemons prohibits an appellate court from sua sponte applying that affirmative defense to affirm a trial court’s dismissal of a claim in the absence of extraordinary circumstances.
The majority apparently attempts to distinguish its opinion in this case from the holding in Ex parte Clemons by stating in footnote 3 that it is not sua sponte applying procedural bars.
“This Court is not applying procedural bars sua sponte. Black’s Law Dictionary 1560 (8th ed.2009) (defining ‘sua sponte’ as acting ‘[w]ithout prompting or suggestion; on its own motion.’)”
121 So.3d at 1022, n.3.
The State did argue in its appellate brief that “the claims contained herein are barred under Rule 32.2(b) and (c), Ala. R.Crim. P., as the petition is successive and barred by the statute of limitation.” (State’s brief, p. 5.) However, the question before this Court is whether an appellate court may apply for the first time on appeal a procedural bar not raised or expressly applied below, without engaging in an extraordinary circumstances analysis.
A perspicacious examination of the opinion in Ex parte Clemons demonstrates that the Alabama Supreme Court did not use the term sua sponte exactly as it is defined in Black’s Law Dictionary.
In Ex parte Clemons, the Court equated the action of the United States Court of Appeals for the Ninth Circuit in United States v. Guess, 203 F.3d 1143, 1145-46 (9th Cir.2000), in that the government raised and argued a procedural bar for the first time on appeal, as the sua sponte application of a procedural bar.
“However, our holding that the procedural bars in Rule 32.2(a) are not jurisdictional does not lead to the conclusion that an appellate court can never assert them sua sponte. Federal courts of appeals have, sua sponte, overcome waiver of the defense of preclusion in postcon-viction proceedings under extraordinary circumstances. In United States v. Guess, 203 F.3d 1143, 1145-46 (9th Cir.2000), for example, the United States Court of Appeals for the Ninth Circuit stated:
“ ‘However, the government failed initially to argue the default issue. It first raised Appellant’s potential default in its response brief to this court. In United States v. Barron, 172 F.3d 1153 (9th Cir.1999) (en banc), we declared, “[This court] ... will usually not allow the government to raise a petitioner’s default for the first time on appeal, when it did not take the opportunity to do so before the district court.” 172 F.3d at 1156. When the government raises a petitioner’s default for the first time on appeal, this court usually finds that the government has “waived” its default defense. Id. Barron thus requires that the government show “extraordinary circumstances” which suggest that “justice would be served by overlooking the government’s omission [at the district *1029 court]” in order for the government to avoid waiver. Id,.’ (Emphasis added.)”
55 So.3d at 354 (emphasis added).
Ex parte Clemons deemed the appellate court’s application of procedural bars in Guess to be “sua sponte” action by the appellate court, even though the bar had been raised in the government’s brief.
Even more telling is how the Alabama Supreme Court dealt with the extraordinary circumstances present in Ex parte Clemons. After the State had orally argued that procedural bars should be applied to affirm the judgment of the circuit court, the Alabama Supreme Court performed an extraordinary-circumstances analysis and determined that the circumstances in Ex parte Clemons did not justify sua sponte application of procedural bars:
“We agree that an appellate court ‘should not lightly raise the issue of a defendant’s procedural default sua sponte.’ Rosario v. United States, 164 F.3d at 733. Suffice it to say that the State has not shown extraordinary circumstances that suggest that justice would be served by overlooking its failure to assert in the trial court the affirmative defense of preclusion. We are not here dealing with a proceeding in which the defendant pleaded guilty, which militates against concerns with the finality of criminal judgments that would be otherwise implicated in a collateral proceeding. The State’s ‘blameworthiness’ is not in serious question here, as it is clear that the State intentionally waived the defense. Because of the foregoing circumstances we need not reach the question of the ease with which the issue could be resolved at the appellate level without the necessity for further fact-finding.
“In summary, the preclusive provisions of Rule 32.2(a) cannot be read as jurisdictional. Because those procedural bars are nonjurisdictional, they may, as they were here, be waived. Only in extraordinary circumstances may such waiver be overcome by an appellate court acting sua sponte. Those circumstances do not exist here. We therefore reverse the judgment of the Court of Criminal Appeals and remand this case for consideration of Clemons’s claim of ineffective assistance of trial counsel.”
55 So.3d at 355-56.
Had the Court in Ex parte Clemons deemed sua sponte to be defined only by the definition found in Black’s Law Dictionary, it would not have applied that term to describe the actions the Court itself could have taken after the State had argued, i.e., suggested, that procedural bars could be applied by the Alabama Supreme Court to affirm the denial of relief. After making an extraordinary-circumstance analysis it determined that it should not sua sponte apply the procedural bars argued by the State.
Therefore, even if, as the majority asserts, technically the term “sua sponte” does not apply to action by an appellate court after the application of a procedural bar is first suggested, as the State did in the instant case, i.e., raised during oral argument, or argued in a brief on appeal, the Court in Ex parte Clemons was using a connotation of sua sponte which does not match the denotation of that term in Black’s Law Dictionary.

C. Analysis of cases relied upon by the majority

Six months after Ex parte Clemons was decided, this Court released A.G. v. State, 989 So.2d 1167 (Ala.Crim.App.2007). I believe that the majority opinion relies on obiter dicta in A.G. to buttress its assertion that “the State will not be deemed to have waived the application of a procedural *1030 bar contained in Rule 32.2, Ala. R.Crim. P., if the State did not have the opportunity to raise that bar in the trial court.” 121 So.3d at 1023.
A.G. claimed in his Rule 32 petition that the indictment underlying his conviction was void. In the circuit court, the State correctly pleaded in response that the claim “was precluded by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because it could have been, but was not, raised and addressed at trial and on appeal.” AG. v. State, 989 So.2d at 1178. However, the circuit court did not utilize Rules 32.2(a)(3) and (5) as grounds for denying the claim.
This Court noted in A.G. that Ex parte Clemons appeared to be grounded in due-process principles:
“The opinion in Ex parte Clemons appears to be grounded in due-process principles. The Court noted in Ex parte Clemons that Rule 32.3[, Ala. R.Crim. P.,] places the burden on the State to plead any ground of preclusion but then places the burden on the petitioner to disprove the existence of any preclusion ground asserted by the State. Thus, for a petitioner to satisfy his burden of disproving a preclusion ground asserted by the State, due process requires that a petitioner be given notice of that preclusion ground.”
A.G. v. State, 989 So.2d at 1179-80.
The Court in A.G. held that because the State did plead that the claim was due to be dismissed based on the procedural bars set forth in Rules 32.2(a)(3) and (5) and because this did afford AG. an opportunity to rebut the use of those procedural bars to preclude review of his claim, the circuit court’s failure to utilize the bars pleaded by the State did not present a due-process impediment to this Court’s utilizing those bars on appellate review. In other words, due process is satisfied when the State pleads an applicable procedural bar in its response. The circuit court’s failure to dispose of the petition on the State’s pleaded grounds did not prevent this Court from affirming the denial of a petition on those grounds. This Court concluded:
“Thus, the due-process concerns that were present in Ex parte Clemons are not present in this case, and Ex parte Clemons is not controlling here.
“Because due process is not implicated and Ex parte Clemons is not applicable in this case, this Court may apply the well-settled rule that an appellate court may affirm a circuit court’s judgment if that judgment is correct for any reason.
[[Image here]]
“Because A.G.’s indictment claim is not jurisdictional and because no due-process concerns are implicated in this case, we conclude that we may affirm the circuit court’s denial of this claim on the ground that it is precluded by Rule 32.2(a)(3) and (5), even though that was not the reason stated by the circuit court.”
AG. v. State, 989 So.2d at 1180-81.
In that part of its analysis, A.G. was correct. However, this Court included note 6 in A.G., which is cited by the majority, stating that a petitioner is entitled to the notice required by due process “only when the State files a response to a petition.” A.G. v. State, 989 So.2d at 1180 n. 6. After having acknowledged that Ex parte Clemons required that a petitioner be given notice of the assertion of a procedural bar and the due process right to rebut such a pleading, AG. stated in note 6 that:
“We note that the Supreme Court expressly recognized in Ex parte Clemons, [55 So.3d 348 (Ala.2007)], that Rule 32.7(d) specifically ‘authorizes sua sponte action by’ the circuit court in applying a preclusion ground and that, *1031 subsequently, in Ex parte Ward, [46 So.3d 888 (Ala.2007) ], the Court reaffirmed the long-standing rule that a circuit court ‘may properly summarily dismiss such a petition without waiting for a response to the petition from the State.’ Thus, this notice requirement is triggered only when the State files a response to the petition.”
A.G. v. State, 989 So.2d at 1180 n. 6 (emphasis added). Because the State did file a response in AG., the emphasized portion of note 6 is unnecessary to the Court’s holding in AG. and is obiter dictum. That is especially true because the Ex parte Clemons Court specifically stated that it did not decide that issue. See Ex parte Clemons, 55 So.3d at 353 (“Whether the trial court’s authority continues after service of an answer omitting a defense is a question not before us.”). The opinion in A.G. provided no analysis, nor any support for the emphasized portion of the footnote. This part of the footnote, as applied to an affirmative defense, is also directly called into question by AG.’s later quotation from Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003), explained below in more detail, which holds that a totally omitted affirmative defense will not suffice as a basis on which to affirm a trial court judgment denying relief.
The note also cites Rule 32.7(d), which states:
“(d) Summary disposition. If the court determines that [1] the petition is not sufficiently specific, or [2] is precluded, or [3] fails to state a claim, or [4] that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition, Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continue and set a date for hearing.”
It should be noted that of the four reasons for summary dismissal listed above, only reason number 2 — preclusion—is an affirmative defense. Reasons 1, 3, and 4 are not affirmative defenses. Therefore, stating that a circuit court may summarily dismiss a petition without awaiting a response by the State is not the same as saying that a petitioner is not entitled to notice of the application of a procedural bar in the circuit court. Summary dismissal may occur after the State has filed a response including an affirmative defense or has filed a response not including an affirmative defense, as well as when it has not responded at all.
The logical conclusion of the principle expressed in the emphasized portion of note 6 of AG., which itself was mere obiter dictum, is that a petitioner is deprived of the due-process right to notice by the sua sponte application of a procedural bar by the appellate court when the State files a response in the circuit court failing to raise any procedural bars, but a petitioner is not deprived of notice and due process by the sua sponte application of a procedural bar by the appellate court when the State files no response at all in the circuit court. This makes no sense. It directly contravenes the express prohibition in Ex parte Clemons, reenforced in Ex parte James, preventing an appellate court from applying an affirmative defense sua sponte except when extraordinary circumstances are present. I do understand that the Court was attempting to clarify the parameters of Ex parte Clemons, but nonetheless, for the reason explained herein, these comments should not be cited as precedent.
Seven months after Ex parte Clemons was released, this Court released Daven *1032 port v. State, 987 So.2d 652 (Ala.Crim.App.2007) — a case cited as authority by the majority here.[7] Davenport filed a Rule 32 petition raising nonjurisdictional claims after the limitations period in Rule 32.2(c) had expired. Without having received a response from the State, the circuit court denied the petition stating only that the petition was “[d]enied.” This Court affirmed the circuit court’s ruling by citing Ex parte Ward, 46 So.3d 888 (Ala.2007). In Ward, the Alabama Supreme Court established that equitable tolling could be applied by the circuit court to excuse the application of the procedural bar of Rule 32.3(c) in a case where the petitioner alleged in his petition that: there existed extraordinary circumstances beyond his control; the circumstances were unavoidable even with the exercise of diligence; and the circumstances prevented him from filing his petition within the limitations period. Davenport rationalized that because the petition was time-barred on its face, and because Davenport did not plead that she was entitled to equitable tolling, this Court could affirm the trial court’s judgment if it was correct for any reason.
“Based on the plain language of [Ex parte ] Ward, the petitioner must establish entitlement to the remedy of equitable tolling in her petition. In this case, the petition was time-barred on its face, and the appellant did not assert equitable tolling in the petition. Therefore, the circuit court could have properly summarily denied the petition pursuant to Rule 32.2(c), Ala. R.Crim. P., because it was time-barred.[4] Accordingly, we affirm the circuit court’s judgment. See Sumlin v. State, 710 So.2d 941 (Ala.Crim.App.1998) (holding that we will affirm a circuit court’s denial of a Rule 32 petition if it is correct for any reason).
Davenport, 987 So.2d at 655.
The DavenpoH Court did not acknowledge that it was doing so, but by affirming the circuit court’s denial of the petition because the petition was untimely and because the petition did not include an allegation that equitable tolling should be applied, Davenport sua sponte applied the procedural bar in Rule 32.2(c). In its holding, Davenport explained in note 4 that the presumption that the circuit court could have summarily applied a procedural bar did not offend due-process principles because, in accord with A.G., the petitioner was not, in any event, entitled to due-process protections because the State did not respond to the petition.
Note 4 in Davenport appears to refer to note 6 in AG., but Davenport does not explain how a footnote in A.G., containing obiter dictum, can support the Davenport Court’s holding. The Court in A.G. specifically noted that the State did file a response and asserted procedural bars. Moreover, the language and rationale of AG. do not support the holding in Davenport. In A.G., the following language described the effect of an omitted affirmative defense:
“As the Alabama Supreme Court explained in Liberty National Life Insurance Co. v. University of Alabama *1033 Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003):
“ ‘Nonetheless, this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. Ex parte Ryals, 773 So.2d 1011 (Ala.2000), citing Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala.2002),
“881 So.2d at 1020.”
A.G., 989 So.2d at 1180-1181 (emphasis added). Therefore, A.G. reaffirmed the principles that an unpleaded affirmative defense may not be applied by an appellate court sua sponte to affirm a trial court’s dismissal of an ordinary civil case. Ex parte Clemons modified that rule in Rule 32 cases, allowing an appellate court to affirm a circuit court’s judgment on the basis of an omitted affirmative defense when the appellate court finds that extraordinary circumstances exist.
Davenport applied a questionable rationale to circumvent the limitation in Ex parte Clemons on this Court’s authority to sua sponte apply procedural bars without conducting the required extraordinary-circumstances analysis. However, the rationale employed in Davenport allows precisely what Ex parte Clemons prohibits, as does the majority’s analysis of the effect of a lack of waiver by the State in this case. Under Davenport, a petitioner may be denied relief on a procedural ground that is applied for the first time by this Court during appellate review without consideration of the extraordinary circumstances, delineated in Ex parte Clemons, which allow an appellate court to sua sponte apply a procedural bar. Thus, the petitioner is denied notice and an opportunity to rebut the procedural ground in the circuit court. The rationale set forth in Davenport circumvents the Alabama Supreme Court’s prohibition against this Court’s sua sponte application of procedural bars and denies a petitioner due process.
Although I believe that Davenport should be overruled, this does not mean that this Court cannot sua sponte apply procedural bars. However, to do so this Court must act in compliance with the method set out in Ex parte Clemons, by examining the circumstances in the record of the case, and by determining whether extraordinary circumstances exist that justify sua sponte application of a procedural bar. In the next section of this special writing I conduct that analysis.
II.
Extraordinary-Circumstances Analysis required by Ex parte Clemons
Had the majority conducted an extraordinary-circumstances analysis, it could have examined this case in light of the factors listed in Rosario v. United States, 164 F.3d 729 (2d Cir.1998), set out in Ex parte Clemons:
“In Rosario v. United States, 164 F.3d 729, 732-33 (2d Cir.1998), the United States Court of Appeals for the Second Circuit dealt with this issue in considerable detail:
“‘We may, nevertheless, raise these issues [not asserted below by the government] sua sponte. See, e.g., United States v. Talk, 158 F.3d 1064, 1067 *1034 (10th Cir.1998); See also Washington v. James, 996 F.2d 1442, 1448 (2d Cir.1993) (raising defendant’s procedural default sua sponte on state prisoner’s § 2254 petition). We believe that consideration of these issues is appropriate here for three reasons.
“‘First, it is necessary to protect the finality of federal criminal judgments. See United States v. Allen, 16 F.3d 377, 379 n. 2 (10th Cir.1994) (“the important interests served by the principle of finality [of criminal judgments] cannot always be foreclosed by waiver”); see also United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Raising the issue of defendants’ procedural default is particularly appropriate where, as here, the movants pled guilty. We recognize that “the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.” United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); see Bousley [v. United States, 523 U.S. 614, 621], 118 S.Ct. [1604] at 1610[, 140 L.Ed.2d 828 (1998) ]. “The impact of inroads on finality is greatest in the context of guilty pleas because the vast majority of criminal convictions result from such pleas and because the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.” Lucas v. United States, 963 F.2d 8, 14 (2d Cir.1992) (internal quotation omitted).
“ ‘In addition, the unique circumstances of this case compel the conclusion that the government was not blameworthy in failing to raise this issue. Because dictum in Triestman v. United States, 124 F.3d 361, 369 n. 8 (2d Cir.1997), indicated that a § 2255 movant’s Bailey [v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995),] claim could easily hurdle a procedural bar challenge, the government may well have concluded that it would be subject to criticism for raising a frivolous argument. It was only in May 1998 — one month after the government submitted its brief in this appeal — that the Supreme Court suggested in Bousley that the Triestman dictum might be incorrect. See De Jesus v. United States, 161 F.3d 99, 102-03 (2d Cir.1998).
“ ‘Finally, the procedural default is manifest from the record and, hence, resolution of this defense does not require further fact-finding. Thus, additional scarce judicial resources need not be expended by remanding this case to the district court. See Washington, 996 F.2d at 1449.
“ ‘Granted, appellate courts should not lightly raise the issue of a defendant’s procedural default sua sponte. We are aware that prisoners seeking habeas corpus relief lack the resources available to the government. We should hesitate to lend the weight of the judiciary to this already uneven fight, lest we be cast in the role of a second line of defense, protecting government prosecutors from their errors. We are satisfied, however, that this appeal warrants the exercise of our inherent power to raise the previously unaddressed issue. We now turn to it.’
“164 F.3d at 732-33.”
55 So.3d at 354-55.
When determining whether to apply procedural bars sua sponte, appellate courts seek to protect the finality of crimi *1035 nal judgments by balancing the need for finality against a concomitant concern that deserving petitioners should be given relief in appropriate cases where justice may not have been done. These extraordinary circumstances are: The first circumstance to consider is whether the conviction was obtained by a guilty plea. A “concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.” 164 F.3d at 732-33. Second, the degree of blameworthiness of the State in failing to raise the omitted procedural bar should be considered. Id. And, third, an appellate court should consider whether the procedural default is manifest from the record, which would mean that resolution of the affirmative defense does not require further fact-finding. Id.
An analysis of the procedural history of this case and the claims made leads to the conclusion that this Court may properly affirm the trial court’s denial of relief by sua sponte applying the procedural bars raised by the State for the first time on appeal.
Evaluating the first factor — whether the petitioner’s conviction was obtained by a plea of guilty — an examination of the record shows that McLeod’s convictions were a result of a jury trial. The importance of preserving the finality of criminal judgments allows sua sponte application of an unpleaded procedural bar more readily in cases in which the petitioner pleaded guilty and there is no indication that “unfair procedures may have resulted in the conviction of an innocent defendant.” See Lucas v. United States, 963 F.2d 8, 14 (2d Cir.1992). This circumstance does not favor preserving the finality of the criminal judgment in this case, and militates against the sua sponte application of the procedural bars raised by the State on appeal.
Concerning the second factor — the blameworthiness of the State in failing to raise the procedural bar in the circuit court — an examination of the record reveals that the State was blameless in failing to raise procedural bars in the circuit court. Rule 32.7(a) allows the State to file its response “[wjithin thirty (30) days after the service of the petition, or within the time otherwise specified by the court.” The circuit court did not afford the State 30 days nor specify a shorter time for the State’s response to be filed before it summarily denied McLeod’s pleading. The State had no opportunity to respond before the denial. This circumstance does favor preserving the finality of the criminal judgments in this case and indicates that the sua sponte application of the procedural bars raised by the State on appeal should be allowed.
Regarding the third factor — whether the procedural default is manifest from the record and whether resolution of the procedural bar as an affirmative defense requires further fact-finding — the pleadings in the record show that the claims made by McLeod are not jurisdictional claims and that they were untimely. It is also worthy of note that McLeod has filed at least five previous postconviction petitions and could have presented his claims before the limitations period of Rule 32.2(c) expired. The claim that the prosecutor knowingly failed to reveal the criminal history of some veniremembers was a successive claim and was also precluded by Rule 32.2(b). This Court need not remand this case to the circuit court because an examination of the claims, together with the text of Rule 32 and relevant caselaw, shows that they are precluded. No additional facts could be proven in the circuit court that would prevent the application of the procedural bars raised by the State on appeal. This circumstance does favor pre *1036 serving the finality of the criminal judgments in this case and indicates that the sua sponte application of the procedural bars raised by the State on appeal should be allowed.
After balancing the factors discussed above, I am of the opinion that those extraordinary circumstances in favor of sua sponte applying the procedural bars of Rules 32.2(b) and 32.2(c), Ala. R.Crim. P., by this Court outweigh the one circumstance indicating that such an application should not be made. I would find that the extraordinary circumstances set forth in Ex parte Clemons do exist and that it is proper for this Court to sua sponte apply the procedural bars raised by the State for the first time on appeal. However, to affirm the circuit court’s judgment solely on the basis that no waiver by the State in the circuit court had occurred ignores the other Ex parte Clemons extraordinary circumstances and the plain mandate of that case.

Conclusion

The holding in Ex parte Clemons put in force due-process principles to prohibit this Court from sua sponte applying procedural bars that were not pleaded by the State in the circuit court, unless this Court finds that extraordinary circumstances exist that, on balance, allow sua sponte application of a procedural bar. The majority opinion establishes a completely new principle that if the State did not waive an affirmative defense because it had no opportunity to assert one, but does present the affirmative defense in its appellate brief, then this Court may, by solely considering that one circumstance, sua sponte apply that affirmative defense to affirm the judgment of the circuit court. This holding runs afoul of the prohibitions in Ex parte Clemons.
Additionally, because the holding in Davenport erroneously deprives a petitioner of the due process afforded by Ex parte Clemons, I believe that Davenport should be overruled. Finally, only by using an extraordinary-circumstances analysis can the denial of relief by the circuit court be affirmed on preclusionary grounds in a case where preclusionary grounds were not asserted or applied in the circuit court.[8] Therefore, I respectfully concur in the result reached by the majority.

. Sua sponte is a term of art. As I will discuss later in this opinion, in Ex parte Clemons, the term sua sponte was used to mean that an appellate court cannot, in the absence of extraordinary circumstances, apply a procedural bar that was not raised by the State in the circuit court.

. I concurred in Davenport but have now determined that the rationale used in that case was erroneous. See Walker v. State, 62 So.3d 601, 603 (Ala.Crim.App.2009)(Welch, J., dissenting).

. McLeod appealed his convictions. McLeod’s convictions occurred before Rule 32.2(c), Ala. R.Crim. P., was amended to change the limitations period from two years to one year. His first claim untimely alleged that he had newly discovered juror misconduct.

. Davenport has not been followed by this Court in any subsequent case. It has been cited as authority in only one case, and then only for the unquestioned proposition that a

“4Because the circuit court did not require a response from the State, the due process considerations discussed in Ex parte Clemons, 55 So.3d 348 (Ala.2007), are not implicated in this case. See A.G. v. State, 989 So.2d 1167 (Ala.Crim.App.2007).” circuit court may summarily dismiss a petition absent a response by the State. Beckworth v. State, [Ms. CR-07-0051, May 1, 2009] - So.3d - (Ala.Crim.App.2009).

. In this case the circuit court did not specify any reason for denying relief. Whether a circuit court may expressly apply a preclu-sionary bar to deny relief after the State has responded, and failed to assert that bar, or in the absence of a response by the State is not before us.